FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 15 2022

TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

IN THE EASTERN DISTRICT OF ARKANSAS
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MISTY DILLINGER**                                                                 **PLAINTIFF**

v.                      Case No. 4:22-cv-1097-DPM

**JAMELL CONTRACTORS LLC**                                              **DEFENDANT**

### ORIGINAL COMPLAINT

COMES NOW Misty Dillinger, by and through her attorneys Stewart Whaley and Chris Burks of WH LAW, for her Original Complaint against Jamell Contractors LLC, they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff a lawful minimum wage for all hours worked and a lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2. Plaintiff was not paid enough per week during some workweeks of her employment under 29 C.F.R. Part 541 to qualify for an overtime premium exemption and was thus misclassified as salaried. She is entitled to an overtime premium payment and liquidated damages for those time periods in which the salary basis of the management exemption was not met.

This case assigned to District Judge Marshall
and to Magistrate Judge Ervin

3. As a result of Defendant's failure to properly pay Plaintiff the minimum salary basis, Plaintiff was not paid the legally required overtime premium when she worked more than forty (40) hours in any one-week period.

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

7. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

8. The acts complained of herein were committed and had their principal effect within the Western Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

9. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

10. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

11. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

### III. THE PARTIES

12. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Plaintiff is a resident and citizen of Pope County.

14. Plaintiff Misty Dillinger was employed by Defendant within the three years relevant to this lawsuit.

15. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

16. Defendant Jamell Contractors LLC is a limited liability company, registered and licensed to do business in the State of Arkansas.

17. Defendant Jamell Contractors LLC's registered agent for service of process in Arkansas is Rocket Lawyer Corporate Services LLC, located at 300 South Spring Street, #900, Little Rock, AR 72201.

18. Defendant Jamell Contractors LLC is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

19. Defendant Jamell Contractors LLC operates Pirate's Cove fast-casual restaurant in Pope County, Arkansas.

20. During the time period relevant to this case, Plaintiff was employed at Defendant Jamell Contractors LLC's Dover, Arkansas, restaurant.

21.     Defendant Jamell Contractors LLC, has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as food products and restaurant equipment.

22.     Defendant Jamell Contractors LLC's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

### IV.   FACTUAL ALLEGATIONS

23.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

24.     During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a salaried employee.

25.     Plaintiff was hired by Defendant as the general manager for their new restaurant in June 2022.

26.     Defendant represented to Plaintiff that she would be placed on payroll the week of June 12, 2022.

27.     Due to delays in the opening of the restaurant, Defendant did not begin paying Plaintiff until September 21, 2022.

28.     From June 2022 until September 2022, Plaintiff was working forty plus hours a week preparing for the upcoming opening of the restaurant, which included going on trips with the Defendant, taking trips to complete restaurant training and attend food shows, working at the restaurant to prepare it for opening, and participating in meetings.

29. Plaintiff was not paid for all the hours she worked in June, July, August, or September 2022.

30. Defendant did not track Plaintiff's time during this period, as the restaurant had not yet opened. She received some payments from Defendant, but they failed to pay her for all hours worked.

31. Her weekly salary amount for June – September 2022 were under the weekly rate set by Department of Labor regulations for the FLSA under 29 C.F.R. Part 541. Plaintiff's position did not qualify under the salary exemptions for outside sales, education, law, medicine, or IT.

32. Plaintiff regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

33. Plaintiff's overtime hours included training and travel, gathering supplies, performing duties for the restaurant, such as maintaining business records; purchasing restaurant supplies and scheduling food and beverage deliveries for the restaurant as directed and approved by Defendant; and performing additional tasks as assigned by the Defendant.

34. Defendant oversaw Plaintiff's tasks and assigned her tasks and job duties that required an excess of forty hours of work in a workweek to complete.

35. Plaintiff worked fifty to sixty hours a week for June, July, August, and September ensuring the Defendant's store was staffed, supplied, and running appropriately.

36. Due to Defendant's failure to track Plaintiff's hours and pay her for all the hours worked, Plaintiff was not paid for hours worked over forty (40) hours a week in June, July, August, and September 2022.

37. On October 3, 2022, Defendant dismissed Plaintiff.

38. Defendant knew or showed reckless disregard for whether the way they paid Plaintiff violated the FLSA and AMWA.

## V. FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

39. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

40. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

41. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA. Plaintiff's salary did not meet the salary threshold regulations under 29 C.F.R. Part 541., and therefore Plaintiff was misclassified as salaried.

42. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

43. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

44. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

45. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

48. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

49. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

50. Plaintiff did not meet the accompanying Department of Labor regulations under 29 C.F.R. Part 541., as her salary did not meet the income threshold for salaried employees during the period of her employment.

51. Defendant failed to pay Plaintiff all overtime wages owed as required under the AMWA.

52. Defendant's misclassification of Plaintiff as salaried resulted in a failure to pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty (40) hours.

53. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

54. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

55. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Breach of Contract and unjust enrichment in the alternative)

56. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

57. Defendant offered, and Plaintiff accepted, employment with Defendant creating a contract of employment. Plaintiff justifiably relied upon Defendant's promise to pay set rates for hours worked in accepting the contract for employment.

58. Defendant withheld Plaintiff's set salary for periods worked in June, July, August, and September 2022, resulting in Plaintiff receiving less than provided for in the contract.

59. The consideration for each contract of employment was the payment of wages as agreed upon by Defendant and Plaintiff.

60. Plaintiff performed all conditions precedent to performance by Defendant.

61. Defendant breached this contract of employment with Plaintiff by deliberately failing to pay Plaintiff as promised, including withholding payment for hours worked in June, July, August, and September 2022.

62. Plaintiff was damaged by Defendant's breach in that she was not compensated or covered because of Defendant's breach.

63. Plaintiff is entitled to recover all damages she is owed as a result of this breach of contract.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Misty Dillinger respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A) That Defendant be required to account to Plaintiff for all of the hours worked by Plaintiff and all monies paid to them;

(B) A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C) A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(E) Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(F)  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(G)  Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(H)  An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees, and all costs connected with this action;

(I)  Judgment for damages for breach of contract and unjust enrichment; and

(J)  Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Misty Dillinger, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:  Stewart Whaley (ABN: 2009084)
stewart@wh.law
Chris Burks (ABN: 2010207)
chris@wh.law