IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MISTY DILLINGER**                                                                                      **PLAINTIFF**

v.                     Case No. 4:22-cv-1097

**JAMELL CONTRACTORS LLC**                                                              **DEFENDANT**

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS

Plaintiff Misty Dillinger and Defendant Jamell Contractors LLC by and through their undersigned counsel, jointly submit the following Joint Motion to Approve Settlement and Dismiss:

1. On November 15, 2022, Plaintiff initiated this action, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq.; the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, et seq. *See* ECF No. 1.

2. Defendant disputes that Plaintiff was not properly compensated for all hours worked, thereby creating a bona fide dispute as to wages owed.

3. Through arms' length negotiations between counsel, the parties agreed to a settlement that resolves all claims at issue in this case, and now request dismissal of Plaintiff's Complaint captioned above with prejudice. A copy of the Settlement Agreement is attached to this Motion as **Exhibit A**.

4. To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, Defendant requests judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are generally subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No.

4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* While the Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

5. Here, the proposed settlement between the parties represents a fair and equitable compromise of a bona fide wage and hour dispute. The settlement follows litigation by experienced counsel representing both parties. The parties engaged in settlement negotiations through opposing counsel at arm's length. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a jury trial, and, potentially, an appeal.

6. The parties have determined that it is in their mutual interest to resolve the litigation without a trial and in the manner set forth in the Settlement Agreement. This decision included evaluating the likelihood of prevailing on the merits of Plaintiff's claims

and Defendant's defenses, including the proper method for calculating any alleged damages, as well as the amount of any additional fees and costs. Plaintiff has specifically considered the potential value of her claims and have concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Defendant supports this result because it eliminates the uncertainties, risks, and costs of further litigation.

7. The FLSA provides for an award of reasonable attorney fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney[] fee to be paid by the defendant, and costs of the action."). Courts value the private settlement of attorney fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027, 2019 WL 2527594 at *2 (8th Cir. 2019). Also, a stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778-80 (8th Cir. 2018) ("where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorney[] fees."). The attorney fees to be paid to Plaintiff's counsel were negotiated separate from Plaintiff's claims and had no effect on the amount Plaintiff received. Thus, this proposed resolution sufficiently closes all matters before the Court and warrants dismissal.

8. Accordingly, Plaintiff and Defendant jointly seek dismissal, with prejudice, of Plaintiff's Complaint in this action. The parties request that following the Court's approval of the Settlement Agreement, the Court dismiss Plaintiff's claims with prejudice.

WHEREFORE, Plaintiff and Defendant jointly request that the Court enter an order approving the Settlement Agreement; dismissing this lawsuit in its entirety, with prejudice; and granting them all other relief to which they are entitled.

Respectfully submitted,

**MISTY DILLINGER, PLAINTIFF**

wh Law
North Little Rock Office
501.888.4357

By: Chris Burks (ABN: 2010207)
chris@wh.law

Mailing Address:
1 Riverfront Place, Suite 745
North Little Rock, AR 72114

AND

**JAMELL CONTRACTORS LLC, DEFENDANT**

Lancaster Law Firm, PLLC
PO Box 1295
Benton, AR 72018
(501) 776-2224

By: Clinton Lancaster (ABN: 2011179)
clint@thelancasterlawfirm.com